IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES KAMINSKI

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 14-cv-2630-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Charles Kaminski brings this negligence action against defendant, the United States of America, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff seeks to recover damages for injuries which, he contends, he sustained when he fell on ice outside a United States Postal Service's post office in Bonner Springs, Kansas. This matter is before the Court on defendant's Motion to Dismiss Complaint or in the Alternative, Motion for Summary Judgment (Doc. 29). Defendant contends that the Court lacks subject matter jurisdiction over plaintiff's claims because plaintiff has failed to exhaust administrative remedies, as the FTCA requires. Plaintiff responded to defendant's motion, and defendant has filed a reply. For reasons explained below, the Court denies the motion.

## I.    Factual Background

On December 12, 2013, plaintiff submitted a Standard Form 95, Claim for Damage, Injury, or Death ("SF-95") to the United States Postal Service. Doc. 30-3. In it, plaintiff alleged that he slipped and fell on ice that had accumulated outside the post office in Bonner Springs, Kansas. Plaintiff claimed that the fall tore his rotator cuff, requiring surgery, physical therapy, and a prolonged absence from work. In Box 6 of the SF-95, plaintiff identified the date of his

1

injury as February 27, 2013.  *Id.* at 2.  Plaintiff also attached a narrative statement to the SF-95, describing the basis for his claim.  There, he alleged that the injury occurred "[*o*]*n or about* February 27, 2013."  *Id.* at 4 (emphasis added).

The Postal Service investigated plaintiff's claim.  As part of its investigation, the Postal Service reviewed written incident reports and interviewed employees who worked at the Bonner Springs post office.  One employee, Roy Sanderson, told Postal Service investigators that he did not recall plaintiff's fall occurring in February 2013, as plaintiff had alleged.  Instead, Mr. Sanderson believed that the fall happened in "December 2012, around the 21st, or the last big snow storm during that month . . . ."  Doc. 46-2 at 3.  Mr. Sanderson told investigators that plaintiff had returned to the post office to report the incident at about 9:00 a.m. on the day he fell.  *Id.*  During his deposition, Mr. Sanderson testified that he did not complete a written accident report that same day because he did not know that Postal Service policy required him to do so.  *See* Doc. 46-4 at 8-9.  Mr. Sanderson also testified that plaintiff or plaintiff's wife had returned to the post office months later, in June 2013, to report that plaintiff had missed work because of a shoulder injury sustained during the fall.  *Id.* at 11.  After receiving plaintiff's second report, Mr. Sanderson discussed the incident with Kathreen Bollinger, a Postal Service safety specialist, and documented the claim, in writing, on a Postal Service incident report.  *Id.* at 11-12.  Ms. Bollinger testified that Postal Service policy requires a manager or supervisor to generate a report about any "accidents and occupational injuries and illnesses" involving post office employees or customers in the Postal Service reporting system within 24 hours after they occur.  Doc. 46-9 at 11-12.

Postal Service investigators examined weather records from February 2013 and, based on Mr. Sanderson's recollection, December 2012.  Doc. 30-2 at 2.  Those records showed that the

Bonner Springs area had experienced significant snowstorms on December 21, 2012, February 26, 2013, and February 27, 2013.  Given this evidence, the Postal Service concluded that the Kansas Winter Storm Doctrine[1] shielded it from liability on those dates.  The Postal Service thus sent plaintiff a letter denying his administrative claim.  The letter's heading identified the "date of incident" as "December 21, 2012."  Doc. 46-5 at 2.  The body of the letter stated that plaintiff "allegedly sustained [his injuries] on or about December 21, 2012."  *Id.*

Plaintiff filed this lawsuit on December 12, 2014.  His Complaint alleges that he slipped and fell in front of the Bonner Springs post office "on or about February 27, 2013."  Doc. 1 at 2. Defendant answered the Complaint, asserting the Kansas Winter Storm Doctrine as an affirmative defense.  *See* Doc. 4 at 5.  And, on May 14, 2015, defendant provided plaintiff weather records showing that 10.5 inches of snow fell in Bonner Springs on February 26, 2013, and February 27, 2013.  *See* Doc. 30-5; Doc. 30-6.

Two months later, on July 28, 2015, plaintiff responded to defendant's first set of interrogatories, alleging, for the first time, that his fall "occurred . . . *on February 25, 2013*." Doc. 30-4 at 2 (emphasis added).  During his deposition, plaintiff explained that he discovered that February 25 was the date of his fall after reviewing vacation days that he had marked in his personal calendar.  Doc. 46-6 at 10.  Plaintiff testified that he did not think to consult his calendar before submitting his administrative claim or filing the Complaint in this case.  Doc. 46-6 at 11.  Instead, plaintiff asserts that the date he provided in his SF-95 and the Complaint—*i.e.*, "on or about February 27, 2013"—was the "best of [his] recollection."  Doc. 46-6 at 11.

---

[1]     The Kansas Court of Appeals first articulated the Kansas Winter Storm Doctrine in *Agnew v. Dillons, Inc.*, 822 P.2d 1049 (Kan. Ct. App. 1991).  The Kansas court determined that a business "does not breach the duty of ordinary care owed to invitees to keep premises in a reasonably safe condition by not removing accumulated precipitation from exterior surfaces during a winter storm and a reasonable time thereafter, absent unusual circumstances."  *Id.* at 1053.

II.     **Legal Standards**

A.  **Motions to Dismiss under Fed. R. Civ. P. 12(b)(1)**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms:  (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'"  *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)).  If the motion only challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all such allegations as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  But the analysis differs if the movant goes beyond the complaint's allegations and challenges the facts on which subject matter jurisdiction depends.  In that circumstance, a court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits [and] other documents . . . to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* at 1003.

In this setting, reference to material outside the pleadings does not convert a motion to dismiss into one seeking summary judgment under Rule 56.  *Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).  But a court must "convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."  *Id.*  Such a situation exists where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).  Because federal courts have limited jurisdiction, a presumption against jurisdiction exists, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

Here, defendant asks the Court to dismiss or, in the alternative, grant summary judgment against plaintiff's claims.  Defendant contends that the Court lacks subject matter jurisdiction because plaintiff failed to satisfy the pre-suit requirements of the FTCA.  But defendant's motion does not challenge the substantive allegations of plaintiff's Complaint.  Nor will resolving the motion require the Court to address the merits of plaintiff's tort claim.  The Court thus need not treat defendant's motion as one seeking summary judgment under Rule 56.  *See Holt*, 46 F.3d at 1003; *Pringle*, 208 F.3d at 1223.  Instead, the Court determines whether jurisdiction exists under Rule 12(b)(1) and the FTCA, below.

### B.  The Federal Tort Claims Act

"'The FTCA waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents.'"  *Bowling v. United States*, 740 F. Supp. 2d 1240, 1245 (D. Kan. 2010) (quoting *Barnes v. United States*, 137 F. App'x 184, 187 (10th Cir. 2005)).  Before commencing a lawsuit against the United States, the FTCA requires claimants to exhaust administrative remedies.  28 U.S.C. § 2675(a); s*ee also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977).  To satisfy this provision's exhaustion requirement, a claimant must file an administrative claim with the appropriate federal agency.  *Barnes*, 137 F. App'x at 187.  That claim must include:  "'(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'"  *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Barnes*, 137 F. App'x at 187).

5

The FTCA's exhaustion requirement "is meant to inform the agency of the circumstances of the incident so it can investigate and respond either by settlement or defense." *Selvidge v. United States*, No. 93-4083-DES, 1994 WL 725399, at *3 (D. Kan. Dec. 30, 1994) (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)). "'It also serves to ease court congestion and avoid unnecessary litigation.'" *Bowling*, 740 F. Supp. 2d at 1245 (quoting *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *3 (D. Kan. Oct. 24, 2007)). The exhaustion requirement is jurisdictional and cannot be waived. *Id.* at 852 (citing *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). And, because "the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley*, 951 F.2d at 270 (citing *Three-M Enters., Inc.*, 548 F.2d at 295). But the exhaustion requirement "should not be interpreted inflexibly." *Estate of Trentadue*, 397 F.3d at 853 (citing *Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)).

A proper administrative claim must provide an agency "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which [a] plaintiff seeks to hold the government liable." *Id.* at 852. And, to that end, our Circuit has adopted the following criteria for determining whether an administrative claim contains the level of specificity that the FTCA demands:

> the test under § 2675(a) [is] "an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement."

*Id.* at 852-53 (quoting *Dynamic Image Tech., Inc.*, 221 F.3d at 40). A claim need not apprise the agency of "'every conceivable legal theory' or cause of action that could potentially be brought in relation to an injury described in that claim." *Strohm*, 2007 WL 3120704, at *4 (quoting

6

*Bethal v. United States ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, 495 F. Supp. 2d 1121, 1124-25 (D. Colo. 2007)).  But a plaintiff cannot present an administrative claim to an agency and then sue the government in federal court based on a different set of facts.  *Id*.  "If the facts surrounding a possible cause of injury are not discussed in the administrative claim, then that possible cause of injury cannot support a later claim in federal court."  *Bowling*, 740 F. Supp. 2d at 1246 (citing *Earl v. United States*, No. 07-cv-00476-MJW-CBS, 2007 WL 2572272, at *1 (D. Colo. Sept. 4, 2007)).

## III.    Analysis

Defendant seeks to dismiss plaintiff's suit for lack of subject matter jurisdiction because, it contends, plaintiff did not exhaust his administrative remedies, as the FTCA requires. Specifically, defendant argues that plaintiff's administrative claim, describing his injury date as both February 27, 2013, and also "on, or about February 27, 2013," failed to satisfy the FTCA's exhaustion requirement for an injury that plaintiff now asserts occurred on February 25, 2013.[2] Defendant contends that plaintiff's use of an approximate, "on or about" injury date prevented the Postal Service from conducting a meaningful investigation of plaintiff's claim.  Defendant also notes the disparate weather conditions that existed in Bonner Springs on February 25, 2013, and February 27, 2013.  Defendant argues that plaintiff's administrative claim required a more definite injury date because it determined "a multitude of dispositive facts that inform[ed] the Postal Service['s] investigation and their settlement decisions."  Doc. 30 at 10 ("Changing the

---

[2]    Defendant's motion also suggests that plaintiff has shifted his alleged injury date to February 25, 2013, to avoid application of the Kansas Winter Storm Doctrine:  "Plaintiff did not provide what he alleges now to be the correct date until July 28, 2015, and this was only after [p]laintiff was provided with the National Weather Service records in May of 2015, showing an ongoing winter storm on [February 27, 2013], that he changed his mind about the date."  Doc. 30 at 12-13.  Other than its own speculation, however, defendant offers no evidence to support this assertion.  In addition, defendant, in its Reply, acknowledges that plaintiff had obtained weather reports in October 2013 and, thus, "was researching weather data well in advance of filing his administrative claim."  Doc. 52 at 10.

date changes the facts from ten (10) inches of snow . . . on February 26th/27th; to no snow . . . on the 24th/25th.").

Plaintiff opposes defendant's motion, arguing that the FTCA and cases interpreting it impose no requirement that an administrative claim must recite an exact injury date. Plaintiff contends that his administrative claim satisfies the exhaustion requirement because it contained sufficient factual detail to allow the Postal Service to begin an investigation of his fall. The Court agrees and concludes that plaintiff has discharged his pre-suit obligations under the FTCA. The following paragraphs explain why.

### A.  Plaintiff's administrative claim afforded the Postal Service adequate notice of plaintiff's injury.

Defendant contends that plaintiff's use of "on or about February 27, 2013" to describe the date of his injury prevented the Postal Service from conducting a thorough investigation of plaintiff's administrative claim. But, as discussed above, the Tenth Circuit interprets the FTCA to require administrative claims to include only a specific damage request and "'a written statement sufficiently describing the injury to enable the agency to *begin* its own investigation.'" *Estate of Trentadue*, 397 F.3d at 852 (quoting *Bradley*, 951 F.2d at 270) (emphasis added). Thus, if "'an administrative claim serves due notice that an agency should investigate the possibility of particular (potentially tortious) conduct . . . it fulfills the notice-of-claim requirement.'" *Id*. at 852-53 (quoting *Dynamic Image Tech., Inc.*, 221 F.3d at 40). Indeed, federal courts have determined that an administrative claim need not state the exact injury date to suffice as adequate notice under the FTCA. *See*, *e.g.*, *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986) ("For an agency to be able to initiate an investigation into a tort claim . . . it must be apprised of the location and *approximate* date of the incident.") (emphasis added); *Strohm*, 2007 WL 3120704, at *4. This court's ruling in *Strohm* is particularly persuasive.

There, a hospital patient had submitted an SF-95 to the U.S. Department of Veterans Affairs ("VA"), alleging the staff at a VA hospital committed malpractice while treating him between March 15 or March 16, 2005 and March 19, 2005.  *Strohm*, 2007 WL 3120704, at *2. The VA denied the administrative claim, and the patient filed suit in federal court.  *Id*. at *2-3. The patient's complaint repeated the allegations of the administrative claim.  *Id*.  The complaint also advanced additional, related claims for negligent treatment that had occurred after March 19, 2005.  *Id*. at *3.  The United States moved to dismiss the patient's new claims, arguing he had not complied with the administrative exhaustion requirement.  *Id*. at *2.  But Judge Crow denied the United States' motion, holding that the patient had satisfied the FTCA's exhaustion requirement because a reasonable investigation of the administrative claim would have apprised the government of all events alleged in the complaint.  *Id*. at *5.  As pertinent here, Judge Crow reasoned:

> The Tenth Circuit has no published cases addressing the requirement that an administrative claim state the correct dates of injury.  Other cases expressly reject any requirement that an administrative claim state the correct date of injury, and permit a plaintiff to pursue a civil case for injuries suffered on different dates so long as the claim gives reasonable notice of the actual source of his injury.  *See, e.g., Rise v. United States*, 630 F.2d 1068, 1071-72 (5th Cir. 1980); *Rhodes v. United States*, 2007 WL 1173790, at *3 (M.D. Fla. Apr. 18, 2007) (exercising jurisdiction over a suit for an injury suffered on July 29, 2002, even though the plaintiff's administrative claim alleged a "Date and day of accident" of July 23, 2002) . . . .  The court believes this approach best meets the pragmatic purpose of the exhaustion requirement articulated by the Tenth Circuit.

*Id*. at *4 (some internal citations omitted).

Defendant argues that the facts in *Strohm* differ from this case's facts for two reasons. First, defendant asserts that a correct injury date was unnecessary in *Strohm* because the VA's investigation "would have resulted in documents that would have identified the correct date." Doc. 30 at 11-12.  In contrast, defendant contends, plaintiff here was the only source of his injury

date.  But this argument ignores the undisputed fact that the Postal Service reviewed Roy

Sanderson's June 2013 incident report during its investigation of plaintiff's administrative claim.

That report, completed by Mr. Sanderson several months after plaintiff's fall, listed an injury

date (December 21, 2012) that differed materially from plaintiff's administrative claim ("on or

about February 27, 2013").  But the record contains no evidence indicating that the Postal

Service ever questioned the reason for this disconnect between its records and plaintiff's claim.

Nor is there evidence that the Postal Service ever asked plaintiff to explain the date disparity.

*See* 28 C.F.R. § 14.4(b)(6) (permitting agency to require a claimant to support its administrative

claim with "[a]ny other evidence or information which may have a bearing on either the

responsibility of the United States for the personal injury or the damages claimed.").  Instead, the

Postal Service accepted the date in Mr. Sanderson's report and denied plaintiff's claim in a letter

stating that plaintiff sustained his injuries "on or about December 21, 2012."  Doc. 46-5 at 2.

Importantly, both Mr. Sanderson and Ms. Bollinger testified that Mr. Sanderson had failed to

memorialize plaintiff's fall within 24 hours after it occurred, as Postal Service policy requires.

*See* Doc 46-4 at 8-9; Doc. 46-9 at 11-12.  Had Mr. Sanderson complied with that policy, the

Postal Service's investigation, as in *Strohm*, would have apprised the agency of the correct date

of plaintiff's injury.  The Court thus rejects defendant's first contention.

        Second, defendant contends that *Strohm* applies only to medical malpractice cases or

those involving a continuing course of conduct.  The Court disagrees.  While the claims in

*Strohm* relied on a series of related events, *see Strohm*, 2007 WL 3120704, at *5, the adequacy

of the administrative claim did not turn on the connection between those events.  Instead, Judge

Crow held that that an administrative claim provides sufficient notice under the FTCA if "a

reasonable investigation of the facts stated in [the] administrative claim would have put the

government on notice of all underlying events" in the complaint.  *Strohm*, 2007 WL 3120704, at
*5.

Plaintiff's administrative claim provided the Postal Service adequate notice to investigate
the circumstances of plaintiff's fall.  *See Estate of Trentadue*, 397 F.3d at 852-53.  The
allegations set out in plaintiff's claim and the Complaint are consistent.  Both describe plaintiff's
contentions about where and how his fall occurred.  *See Canning v. United States*, No. 11-774,
2012 WL 5287916, at *4 (E.D. Pa. Oct. 25, 2012) ("Identifying the correct location of the
accident in a notice of administrative claim is critical to enabling the federal agency to
investigate that claim."); *Hause v. United States*, No. 07-5817 (MLC), 2008 WL 4510266, at *5
(D.N.J. Sept. 29, 2008) ("Because the USPS was not given the correct location of the accident, it
did not have the basic information necessary to perform a reasonably thorough investigation.").
Also, plaintiff's claim supplied the Postal Service an approximate injury date from which it
could begin an investigation.  Indeed, the administrative claim included enough factual detail for
Postal Service investigators to interview Mr. Sanderson and review an incident report that he had
prepared months after the fall occurred.

Because plaintiff's administrative claim described his purported source of injury and
allowed the Postal Service to begin an investigation, the Court concludes that it contained
sufficient information to provide what the FTCA requires.  *See, e.g., Estate of Trentadue*, 397
F.3d at 852-53 (concluding administrative claim satisfied FTCA notice requirement because it
gave the agency "notice of the facts and circumstances surrounding" the plaintiffs' claim and
was "consistent with plaintiffs' subsequent allegations in their amended complaint."); *Strohm*,
2007 WL 3120704, at *4; *cf. Tidd*, 786 F.2d at 1568 (finding administrative claim failed to
satisfy FTCA's "minimal" notice requirement because it failed to identify the time of the

incident or "any other pieces of information or details concerning the incident that might serve as distinguishing factors or leads for the [agency] to pursue").

### B. An administrative claim alleging weather-related injuries need not assert a specific injury date.

Next, defendant argues that plaintiff's administrative claim required a definitive injury date because weather was the crucial factor in the Postal Service's decision to defend or settle the claim. Defendant contends that in "weather related cases . . . where the date and weather are inextricably tied together with the claim, approximate dates are meaningless." Doc. 52 at 7. To illustrate its point, defendant notes that the daily weather conditions at the Bonner Springs post office varied significantly during the week plaintiff contends he fell. *See* Doc. 30 at 10 ("Plaintiff's new date (the 25th) is tucked between two significant snowstorms, one on February 22, 2013, that produced 9.5 inches of snow and one on February 26th and 27th that produced 10.5 inches of snow." (citing Doc. 30-6)). Defendant argues that plaintiff, by changing the date of his injury from "on or about February 27, 2013" to February 25, 2013, has changed the relevant weather conditions on which defendant's winter storm defense relies. Thus, defendant contends that plaintiff's "administrative claim allege[d] different facts than those contained in his lawsuit." Doc. 30 at 9.

Defendant attempts to support this argument by citing a number of state court cases interpreting state tort claim statutes. *See* Doc. 30 at 13-17. Several of those cases hold that claimants alleging weather-related injuries must notify a municipality of the precise date of an alleged injury. *See, e.g.*, *McHenry v. Kansas City*, 165 P. 664, 664 (Kan. 1917) (concluding state statute required administrative claim to state the correct injury date because "[w]ith our variable Kansas winter climate, it is entirely unlikely that the weather conditions of January 12th would be the same as those of January 19th."); *Lee v. Village of Greenwich*, 48 A.D. 391, 394 (N.Y.

12

App. Div. 1900) (requiring an exact injury date because "in this climate, it may be presumed that the condition of the sidewalks in a country village undergoes frequent changes from natural causes."). But these cases have minimal persuasive value. For one, all the state court cases cited by defendant are more than 98 years old and interpret provisions of state statutes no longer in effect. Moreover, the governing state statutes at issue in each case required claimants to state their alleged injury date expressly. *See, e.g.*, *McHenry*, 165 P. at 664 ("The statute requiring the city to be notified as a condition precedent . . . reads: 'No action shall be maintained . . . unless the person . . . file with the city clerk a written statement, giving the time and place of the happening of the accident or injury . . . .'" (quoting Gen. St. 1915 § 1460)); *Willis v. City of St. Joseph*, 171 S.W. 27, 28 (Mo. Ct. App. 1914) ("The statute (section 8863, R. S. 1909) requires notice to the city, giving date and place of the injury received."); *Village of Greenwich*, 48 A.D. at 394 (quoting state statute that required a claimant to state the "time and place at which [the claimant's] injuries were received").

The FTCA is not so demanding. It imposes no requirement that an administrative claim allege a specific injury date. *See Estate of Trentadue*, 397 F.3d at 852; *Tidd*, 786 F.2d at 1568; *Strohm*, 2007 WL 3120704, at *4. Indeed, defendant concedes this point, recognizing that the act "simply requires a written statement sufficiently describing the injury to enable the agency to begin its own investigation." Doc. 30 at 17. Despite this concession, defendant still argues that no jurisdiction exists because the failure of plaintiff's administrative claim to allege a correct injury date "had a dispositive impact on [the] settlement decision of the Postal Service." Doc. 30 at 22. This is not persuasive.

Instead, the "only requirements of the FTCA that are jurisdictional are that the claimant give the agency adequate written notice of the claim and place a value on it." *Selvidge*, 1994 WL

725399, at *4 (citing *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988)).  Plaintiff's

FTCA claim met this mark.  While the Postal Service may have refused to settle plaintiff's

administrative claim based on the weather conditions present on February 27, 2013, and

December 21, 2012 (the injury date in Mr. Sanderson's incident report), under the facts of this

case, such a value to defendant does not mean that the Court lacks jurisdiction.  Plaintiff's

administrative claim set out a definite request for damages and, as discussed above, it afforded

the Postal Service the administrative notice that § 2675 of the FTCA requires.  Plaintiff thus has

satisfied the FTCA exhaustion requirement and the Court concludes that jurisdiction exists over

plaintiff's suit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to

Dismiss Complaint or in the Alternative, Motion for Summary Judgment (Doc. 29) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of May, 2016, at Topeka, Kansas.**


**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**

14